**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 98-4668

GREGORY SEAN HENRY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-98-52)

Submitted: December 29, 1999

Decided: January 24, 2000

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Quang Ngoc Nguyen, Hillsborough, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Sean Henry appeals from the judgment entered against him after his guilty plea to conspiracy to distribute cocaine base in violation of 21 U.S.C.A. § 846 (West 1999). The court sentenced Henry to a 408-month term of imprisonment. On appeal, Henry argues that the court should not have relied upon portions of the trial transcript of one of his co-conspirators, Harold Wooten; that the court erred in denying his motion to call witnesses at the sentencing hearing; and the court erred in applying enhancements for Henry's role in the offense for being a supervisor or organizer and for possession of a dangerous weapon. Finding no error, we affirm.

First, Henry argues that the court erred in allowing testimony of an FBI agent who testified to information given to him by cooperating witnesses because the testimony should have been suppressed on the ground that some of the witnesses were allegedly offered leniency for their testimony in violation of 18 U.S.C.A. § 201(c)(2) (West Supp. 1999), which prohibits a person from offering anything of value in exchange for testimony. This argument was definitively rejected by this court in United States v. Richardson, 195 F.3d 192 (4th Cir. 1999).

Next, Henry argues that the court refused to allow him to present witnesses at the sentencing hearing. The record reflects that defense counsel made the request on the day of the hearing. Defense counsel had notice that the Government would be relying upon portions of the trial transcript of one of his co-conspirators and had ample opportunity to move to present witnesses prior to the day of the sentencing hearing. Further, defense counsel did not present any evidence of prejudice resulting from his inability to present witnesses. Therefore, we find that the district court did not abuse its discretion in its decision. See Ungar v. Sarafite, 376 U.S. 575, 589 (1964); United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990).

Finally, Henry objects to the district court's application of offense level enhancements under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998) for being an organizer or leader of a criminal activ-

2

ity that involved five or more persons or was otherwise extensive, and under § 2D1.1(b)(1) for possession of a dangerous weapon. We find that the district court did not clearly err in applying these enhancements and affirm on the reasoning of the district court. (<u>See</u> J.A. at 38-39, 45-46.)

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3